## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

## COUNTY OF FOSTER v. P. E. MORRIS et al.

### (149 N. W. 561.)

**Courthouse site — bond of suretyship — county — purchasing site without notice to bondsmen — opportunity to perform conditions must be given — sureties discharged from liability.**

These nine defendants, with eighteen other persons, in 1909 executed to plaintiff county a bond in the sum of $3,000 in the matter of a courthouse site, should bonds for the erection of a new courthouse be voted, which was done. A new site was required. Construction of the bond is the sole question. County urges that the bond was in effect a subscription of money to be applied to reimburse it for the expense of such new site. Defendants assert that by the bond they merely became sureties that upon selection of a site by the county board they would furnish and deliver to the county, free of expense, on demand, the site so chosen; that they have never been called upon to furnish title to such site, but that the county purchased it, making it impossible for them to do so, and thereby discharged them from liability. *Held*, that the bond is one of suretyship, and not a subscription. That as the county purchased the site from many different owners holding portions thereof, and this without notice to or demand upon the sureties to perform by furnishing plaintiff with title, and not affording the sureties an oppor-

29 N. D.—1.

tunity to perform their contract of suretyship, these sureties are discharged. Judgment entered against them ordered vacated and the action dismissed.

Opinion filed November 6, 1914.

Appeal from the District Court of Foster County, *Coffey*, J. Reversed, with direction to dismiss.

*T. F. McCue*, for appellants.

The defendants are simply sureties on the bond in question, and their liability is controlled by the bond, and cannot be extended by implication. They are entitled to stand upon the strict terms of this agreement. Rev. Codes 1905, § 6101; Novak v. Pitlick, 120 Iowa, 286, 98 Am. St. Rep. 360, 94 N. W. 916; Walsh v. Bailie, 10 Johns. 180; Gahn v. Niemcewicz, 11 Wend. 312; Bean v. Parker, 17 Mass. 594; Zinns Mfg. Co. v. Mendelson, 89 Wis. 133, 61 N. W. 302.

To bind the sureties, it is of the very essence of the contract that there be a valid obligation of the principal. Evans v. Keeland, 9 Ala. 46; Sacramento v. Dunlap, 14 Cal. 421; Ferry v. Burchard, 21 Conn. 597; Russell v. Annable, 109 Mass. 72, 12 Am. Rep. 665.

The county commissioners were bound to keep themselves within the strict provisions of the bond. Failing to do so relieves the sureties. Patrick v. Barker, 35 Iowa, 451.

When the citizens of Carrington furnished and delivered the courthouse site free of encumbrance, and conveyed it by a good title, they had performed every obligation resting upon them. Their undertaking is really a subscription for real estate. Union Stopper Co. v. McGara, 66 W. Va. 403, 66 S. E. 698.

Plaintiff was required to prove a breach of the undertaking, even though it was not pleaded. Morgan v. Menzies, 60 Cal. 341; Salisbury v. Shirley, 53 Cal. 461; Fisher v. Pearson, 48 Cal. 472; Horner v. Harrison, 37 Iowa, 378; 4 Enc. Pl. & Pr. 937, and cases cited.

All conditions precedent should have been complied with. Wrought Iron Bridge Co. v. Greene, 53 Iowa, 562, 5 N. W. 770; First M. E. Church v. Sweny, 85 Iowa, 627, 52 N. W. 546; Keys Bros. v. Weaver, 95 Iowa, 13, 63 N. W. 357; Patrick v. Barker, 35 Iowa, 451; Lafayette County Monument Corp. v. Ryland, 80 Wis. 29, 49 N. W. 157; Sickles v. Anderson, 63 Mich. 421, 30 N. W. 78; Sult v. Warren School Twp. 8 Ind. App. 655, 36 N. E. 291.

The burden was upon the plaintiff to prove this. Paddock v. Bartlett, 68 Iowa, 16, 25 N. W. 906; Waters v. Union Trust Co. 129 Mich. 640, 89 N. W. 687; Bohn Mfg. Co. v. Lewis, 45 Minn. 164, 47 N. W. 652.

The sureties should have notice and opportunity to have their principals perform their obligation. Stanford v. McGill, 6 N. D. 563, 38 L.R.A. 760, 72 N. W. 938; Davidson v. Overhulser, 3 G. Greene, 196; Markley v. Rhodes, 59 Iowa, 57, 12 N. W. 775.

The bond was without consideration because of failure of the county to meet and carry out its conditions. Sutton v. Rann, 149 Mich. 35, 112 N. W. 722; Dumont v. United States, 98 U. S. 142, 25 L. ed. 65; United States v. Allsbury (United States v. Burbank) 4 Wall. 186, 18 L. ed. 321.

The bond was against public policy. Edwards v. Goldsboro, 141 N. C. 60, 4 L.R.A.(N.S.) 589, 53 S. E. 652, 8 Ann. Cas. 479.

The plaintiff, by using the site, prevented the citizens of Carrington from performing their contract, and thereby destroyed the right of subrogation. This released the sureties. Crim v. Fleming, 101 Ind. 154; Hereford v. Chase, 1 Rob. (La.) 212; Bangs v. Strong, 7 Hill, 250, 42 Am. Dec. 64.

*C. B. Craven,* for respondent.

The bond here in question is not a contract of suretyship. There was no obligation on the part of the citizens of Carrington, and therefore there was no principal. A suretyship contract presumes a principal whose payment or performance of some act the contract of the sureties guarantees. 23 Cyc. 14, notes 1–3; American Bonding Co. v. Pueblo Invest. Co. 9 L.R.A.(N.S.) 557, 80 C. C. A. 97, 150 Fed. 17, 10 Ann. Cas. 357.

There must be a primary obligation. Thornburg v. Allman, 8 Ind. App. 531, 35 N. E. 1110; 32 Cyc. 23.

A court should so construe a contract as to render it effective and legal, rather than to destroy it, in the absence of fraud. 9 Cyc. 586, and cases cited in notes, 34 and 36; 7 Am. & Eng. Enc. Law, 1041; Neal v. Shinn, 49 Ark. 227, 4 S. W. 771; Dishon v. Smith, 10 Iowa, 212; Hawes v. Miller, 56 Iowa, 395, 9 N. W. 307; Atty. Gen. v. Lake County, 33 Mich. 289; Thompson v. Mercer County, 40 Ill. 379; Callam v. Saginaw, 50 Mich. 7, 14 N. W. 677.

A contract must be construed according to the intention of the par-

ties; and this intention is determined not only from the writing itself, but from a full consideration of all of the facts and circumstances surrounding the parties and the transaction. 9 Cyc. 590, cases cited in notes 51 and 52; 9 Cyc. 577, cases cited in note 93; 9 Cyc. 588, cases cited in note 45.

Goss, J.    This is a suit on a bond which is set forth in full.

## Undertaking.

Know all men by these presents, that we (here follow the names of twenty-seven persons, among them the eight defendants) are held and firmly bound unto the county of Foster in the penal sum of $3,000 lawful money of the United States, to be paid to the said county of Foster; for which payment, well and truly to be made, we hereby jointly and severally bind ourselves, our and each of our heirs, executors, and administrators, jointly and severally, by these presents.

The condition of the above obligation is such that whereas the board of county commissioners in and for the county of Foster and state of North Dakota has called an election for the purpose of voting upon the question of said county issuing its bonds for the purpose of erecting a public building to be used for a courthouse and jail; and whereas said election will be held on the 29th day of June, A. D. 1909; and whereas, if the bond issue upon said election prevails and carries, the said county of Foster will erect such public building aforesaid; and whereas the citizens of Carrington propose in the event that public building is erected to furnish and deliver to said county of Foster a suitable site for such public building, the same to be selected by the said board of county commissioners, provided, however, that said site shall not exceed in value the sum of $3,000 and provided, further, that the said board of county commissioners may, in their judgment, decide that a new location for such public building other than the one now used for the old courthouse building be used;

Now therefore, if the said bond issue carries at this coming election aforesaid, and the said county of Foster proceeds to erect the public building aforesaid, and for that purpose decides to choose a new site as aforesaid, then this obligation shall be in full force and effect and binding upon the signers hereto; otherwise this obligation is to be void.

Provided always that the liability under this obligation shall not exceed in any event the sum of $3,000.

In witness whereof, we have hereunto set our hands and seals this —— day of June, A. D. 1909.

This bond was signed and acknowledged by the twenty-seven named in the body of the instrument. The plaintiff seeks to recover on the bond as for money due and unpaid. The court found "that the plaintiff has fulfilled each and every of the conditions by it to be performed under and by virtue of the terms of said undertaking, and by reason thereof the said defendants have become indebted to the county of Foster. . . . That there is now due and owing from the defendants to the county, under the terms of said undertaking and obligation, the sum of $884 and interest." The specifications of error taken to these findings are "that there is no evidence that any breach ever occurred in the contract or bond sued upon. That there is no evidence that demand of performance on the part of the defendants or their principal was ever made, or that an opportunity was given to them to perform their contract. That the evidence shows that the plaintiff through its county commissioners, before the definite selection of the site for the buildings was made, obtained optional contracts for the site, and thereby made it impossible for these defendants or their principal to comply with the conditions of the bond sued upon." The evidence consists wholly of a written stipulation of fact, carefully prepared and signed by the attorneys for both parties. Therefrom it appears beyond question that the specification of error states the fact in its recitation that the defendants or obligors on the undertaking were never called upon or requested to procure title in the county to any site, and thus furnish to the county a site chosen as suitable by its board of commissioners. Instead, the board chose a site consisting of various contiguous tracts owned by six different owners exclusive of the city of Carrington, which city held title to or an easement in the streets segregating the site as entirety as selected. The county by its commissioners thus secured title to the site by conveyances from six different owners, and then vacated intervening streets and alleys, procuring a satisfactory site. In so doing it paid $3,475 for the different

tracts, some of which contained improvements which the county sold, reducing the net cost of the tracts $530, or to $2,945. It seems that eighteen of the signers of this undertaking contributed $110 each to the county. These nine defendants refused to pay, and this suit was brought. The above outlines the case.

The county in its brief summarizes its contention to be: "The interpretation of this contract is the vital point in this action; . . . and that such contract or bond is not to be construed as a contract guarantying the performance of certain acts of citizens of Carrington, but *is a contract for the payment of the value of a new site,* to be selected by the county commissioners of the county of Foster, in the event of the carrying of the bonding election; . . . and that no other construction of this contract could give it validity at its inception." Appellants construe the undertaking as one wherein the signers became sureties that the citizens of Carrington (the bond issue carrying, and selection having been made by the board of a suitable site) *would furnish and deliver, free of charge, such site to the county,* providing it did not exceed in cost more than $3,000. Both sides concede the question to be but one of the interpretation of this instrument. The county claims it to be a subscription of moneys in the sum of $3,000 to be applied on the expense of purchase of a site. Defendants insist that it should be construed as a contract of suretyship, wherein a site is to be furnished after its selection and upon demand, in default of which defendants would be responsible in the penal sum of the cost thereof, not to exceed $3,000.

The county contends that the portion of the instrument wherein a recitation is had of the election having been called to vote on the bonding question, and the necessity for building of a courthouse in case it would carry, and "whereas the citizens of Carrington propose in the event that if such public building is erected to furnish and deliver to said county of Foster a suitable site for such public building, the same to be selected by the said board of county commissioners, providing, however, that said site should not exceed in value of $3,000"—are merely preliminary recitations, and are not a part of the conditions of the bond. Or in other words, the county contends that these signers have bound themselves to make payment in the event of the bonds' carrying. Under its contention, the moment the canvass of the votes

cast disclosed that the bonding proposition had carried, a liability arose, not that the citizens of Carrington would furnish a suitable and approved site, but that the signers would contribute to the extent of $3,000 toward the cost of such a site as the commissioners should select and purchase.

The construction given this undertaking by the appellants is correct beyond question. Suppose that the citizens of Carrington other than the signers of the undertaking had furnished and delivered this site to the county, and it had been accepted and built upon, could these defendants be held liable on the bond as for a money subscription? Unquestionably not, unless it is also held that this is a subscription of moneys not limited in use to reimburse for the expense of the county in procuring a new site. And to so construe it as a $3,000 contribution ignores the purpose as well as the penal nature of the obligation. It cannot be contended that the instrument does not purport to reimburse for the expense of or else provide for a site free of expense to the county. Such being the case, the other recitations specified in the bond itself as conditions must be considered, and, being considered, must be regarded as conditions, instead of mere surplusage. If the recitations as to purpose and application of the fund be thus conditions of the bond, why not the portion providing that defendants may on demand exonerate themselves by furnishing not money, but, instead, the chosen site, and thus relieve themselves from any necessity of providing the county with a purchasing fund for it to apply in buying a site. The contract is one of suretyship in form, in which the signers obligated themselves that a suitable site would be furnished the county by them after the board had selected said site, leaving the location of it to be determined by the body having the power of choice. It is undisputed that the board did not so interpret it. Instead, it proceeded upon the theory advanced, that the instrument amounted to a subscription of moneys. Accordingly no demand was made upon the obligors to furnish title to the tract selected after it had been chosen. In purchasing direct from the owners, the county rendered performance of the contract by the sureties impossible, and thereby discharged them.

It is unnecessary to discuss other questions raised in the briefs. The judgment appealed from is ordered vacated, and a judgment of dismissal directed to be entered instead. Appellants will recover costs on trial and on appeal.